IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

| | |
|---|---|
| **ROB NASH,** Individually and as Administrator of the Estate of Laurel Nash, Deceased.<br>7215 Pinehill Road<br>Concord Township, Ohio 44077<br><br>  Plaintiff,<br><br>-vs-<br><br>**CLEAR VISTA HEALTH AND WELLNESS**<br>3364 Kolbe Road<br>Lorain, Ohio 44053<br><br>and<br><br>**LAKE HEALTH WEST MEDICAL CENTER**<br>Attn: Legal Department<br>36000 Euclid Avenue<br>Willoughby, OH 44094<br><br>ALSO SERVE AT:<br><br>**LAKE HEALTH**<br>**AGENT/REGISTRANT**<br>University Hospitals Health System, Inc.<br>3605 Warrensville Center Road<br>Shaker Heights, OH 44122<br><br><br>**SIGNATURE HEALTH**<br>38882 Mentor Avenue<br>Willoughby, OH 44094<br><br>ALSO SERVE AT:<br><br>**SIGNATURE HEALTH**<br>Registered Agent: Jonathan A. Lee<br>7232 Justin Way<br>Mentor, OH 44060 | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

GOVERNMENT EXHIBIT A

| | |
|---|---|
| and | ) |
| | ) |
| **MICHAEL R. RODGERS, MD** | ) |
| 4162 Maidstone Lane, | ) |
| Medina, Ohio 44256 | ) |
| | ) |
| and | ) |
| | ) |
| **JAMES A. LIGGETT, DO** | ) |
| 3087 Liberty Ledges Drive | ) |
| Twinsburg, Ohio 44087 | ) |
| | ) |
| and | ) |
| | ) |
| **RAKESH RANJAN, MD** | ) |
| 12395 McCracken Road, Suite H | ) |
| Cleveland, Ohio 44125 | ) |
| | ) |
| and | ) |
| | ) |
| **PHILIP AJLOUNY, DO** | ) |
| 8033 Rolling Brook Road | ) |
| Northfield, Ohio 44067 | ) |
| | ) |
| and | ) |
| | ) |
| **LINDSAY KENYON, PA-C** | ) |
| 221 Canfield Drive | ) |
| Chardon, Ohio 44024 | ) |
| | ) |
| and | ) |
| | ) |
| **MARISSA SALOMON, RN** | ) |
| 1142 Mohegan Trail | ) |
| Willoughby, Ohio 44094 | ) |
| | ) |
| and | ) |
| | ) |
| **MOLLY HEARN, NPI** | ) |
| 10406 Revere Court | ) |
| Painesville, OH 44077 | ) |
| | ) |
| and | ) |
| | ) |
| Quinn Kucia, LISW-S | ) |

| | |
|---|---|
| 6548 Melshore Drive, | ) |
| Mentor, OH 44060 | ) |
| | ) |
| and | ) |
| | ) |
| **DORNICE I. FRIDAY** | ) |
| 998 Marietta Drive, | ) |
| Painesville, OH 44077 | ) |
| | ) |
| and | ) |
| | ) |
| **IKECHUKWU ANAJE, NP** | ) |
| 496 Judita Drive | ) |
| Brunswick, Ohio 44212 | ) |
| | ) |
| and | ) |
| | ) |
| **KEVIN SMITH, LSW** | ) |
| 3726 12th Street, SW | ) |
| Canton, Ohio 44710 | ) |
| | ) |
| and | ) |
| | ) |
| **SHANNON KELLEY, LISW** | ) |
| 6258 Seminole Trail | ) |
| Mentor, Ohio 44060 | ) |
| | ) |
| And | ) |
| | ) |
| **LAURA SKUFCA, APN** | ) |
| 1589 Lee Terrace Drive | ) |
| Wickliffe, Ohio 44092 | ) |
| | ) |
| And | ) |
| | ) |
| **ASHLEY MACKO, QMHS** | ) |
| 441 E. 332nd Street | ) |
| Eastlake, Ohio 44095 | ) |
| | ) |
| **JOHN DOE NOS. 1-10,** | ) |
| Individuals responsible for the actions | ) |
| described herein, and/or business entities | ) |
| employing, owning, controlling, or | ) |
| otherwise responsible and liable under Ohio | ) |
| law for the actions and conduct of the other | ) |
| named Defendants herein. | ) |

```
Names and Addresses Unknown.         )
                                     )
                                     )
       Defendants.                   )
```

Now comes Rob Nash, Individually and as the Administrator of the Estate of Laurel Nash (hereinafter "Decedent"), deceased, by and through undersigned counsel, and for his Complaint against Defendants states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Rob Nash, is the duly appointed Administrator of the Estate of Laurel Nash, having been duly appointed by the Probate Court of Lake County on March 2, 2023, in Case No. 23 ES 1144, and brings this action individually and in his capacity under R.C. 2125.01 and .02, et seq. for the survivorship, wrongful death, and any other such claims as are enumerated herein.

2. At all times relevant, Plaintiff Rob is and was a resident of 7215 Pinehill Road, Geauga County, Ohio, and at all relevant times was the brother of Decedent.

3. At all times relevant, Defendant, Clear Vista Health and Wellness (hereinafter, "Clear Vista"), is and was, at all times relevant herein, a corporation duly organized under the laws of the State of Ohio, with its principal place of business in Lorain County, Ohio.

4. At all relevant times, based upon reasonable belief, Defendant Lake Health West Medical Center (hereinafter "Lake Health") is and was at all relevant times, a corporation duly organized under the laws of the state of Ohio, with its principal place of business in Lake County, Ohio.

5. At all relevant times, based upon reasonable belief, Defendant Signature Health is and was at all relevant times, a corporation duly organized under the laws of the state of Ohio, with its principal place of business in Lake County, Ohio.

6. Plaintiff counsel has unsuccessfully investigated and has been unable to determine which entity, Clear Vista, Lake Health, Signature Health, or a Doe entity, is the corporation primarily or solely responsible for the claims and causes of action set forth in this Complaint.

7. Defendant Clear Vista, at all relevant times, have held themselves out to the public, including to the Plaintiff herein, as providing state of the art medical services through employees which include physicians, nurses, physician assistants, medical assistants, technicians and care providers, including those persons providing medical services and care at 3364 Kolbe Road, Lorain, OH 44053.

8. Defendant Lake Health, at all relevant times, have held themselves out to the public, including to the Plaintiff herein, as providing state of the art medical services through employees which include physicians, nurses, physician assistants, medical assistants, technicians and care providers, including those persons providing medical services and care at 36000 Euclid Avenue, Willoughby, OH 44094.

9. Defendant Signature Health, at all relevant times, have held themselves out to the public, including to the Plaintiff herein, as providing state of the art services through employees which include social workers, therapists, physicians, nurses, physician assistants, medical assistants, technicians and care providers, including those persons providing medical services and care at 38876 Mentor Avenue, Willoughby, OH 44094.

10. At all relevant times, Clear Vista, Lake Health, and/or Signature Health are vicariously liable for the claims and damages alleged in this Complaint because they employed the individually named Defendant physicians, physician assistants, nurses, medical assistants, technicians, or other employees who may have been involved in the care and treatment of Decedent as set forth below.

11. At all relevant times, Defendants held themselves out as authorized to do business in the State of Ohio and, through their representative agents, servants, and employees, both actual and apparent, including but not limited to, the medical providers named as Defendants. For purposes of this Complaint, "Providers" means, collectively, all of the physicians, nurses, physician assistants, and social workers named as Defendants in this Complaint.

12. Defendants and Providers violated their respective and collective duties and obligations to provide safe and proper care to Decedent and, as set forth below, and breached those obligations and duties, thereby proximately causing the wrongful death of the Decedent and all damages incidental thereto.

13. At all times relevant to this action, Defendant Michael R. Rodgers, M.D., was a physician licensed to practice under the laws of the state of Ohio and was employed by and/or was an agent of Clear Vista, Signature Health, and/or Lake Health and/or John Does 1-10 and was acting within the course and scope of his duties with one or more of these entities.

14. At all times relevant to this action, Defendant James A. Liggett, D.O., was a physician licensed to practice under the laws of the state of Ohio and was employed by and/or was an agent of Clear Vista, Signature Health, and/or Lake Health and/or John Does 1-10 and was acting within the course and scope of his duties with one or more of these entities.

15. At all times relevant to this action, Rakesh Ranjan, M.D., was a physician licensed to practice under the laws of the state of Ohio and was employed by and/or was an agent of Clear Vista, Signature Health, and/or Lake Health and/or John Does 1-10 and was acting within the course and scope of his duties with one or more of these entities.

16. At all times relevant to this action, Philip Ajlouny, D.O., was a physician licensed to practice under the laws of the state of Ohio and was employed by and/or was an agent of Clear Vista,

Signature Health, and/or Lake Health and/or John Does 1-10 and was acting within the course and scope of his duties with one or more of these entities.

17. Defendant Lindsay Kenyon, PA-C held herself out as being, and was at all relevant times herein, an employee of Defendants and further held herself out to the public, including Decedent, as a provider of quality, competent, safe, and adequate medical care and treatment.

18. Defendant Marissa Salomon, R.N. was a registered nurse licensed to practice under the laws of the state of Ohio and was employed by and/or was an agent of Clear Vista, Lake Health, Signature Health, and/or John Does 1-10 and was acting within the course and scope of her duties with one or more of these entities.

19. Defendant Molly Hearn, N.P.I. held herself out as being, and was at all relevant times herein, an employee of Defendants and further held herself out to the public, including Decedent, as a provider of quality, competent, safe, and adequate medical care and treatment.

20. Defendant Quinn Kucia, LISW-S was a licensed social worker licensed to practice under the laws of the state of Ohio and was employed by and/or was an agent of Clear Vista, Lake Health, Signature Health, and/or John Does 1-10 and was acting within the course and scope of her duties with one or more of these entities.

21. Defendant Dornice Friday held herself out as being, and was at all relevant times herein, an employee of Defendants and further held herself out to the public, including Decedent, as a provider of quality, competent, safe, and adequate medical care and treatment.

22. Defendant Ikechuwu Anaje, N.P., held herself out as being, and was at all relevant times herein, an employee of Defendants and further held herself out to the public, including Decedent, as a provider of quality, competent, safe, and adequate medical care and treatment.

23. Defendant Kevin Smith, L.S.W., was a licensed social worker licensed to practice under the laws of the state of Ohio and was employed by and/or was an agent of Clear Vista, Lake Health, Signature Health, and/or John Does 1-10 and was acting within the course and scope of his duties with one or more of these entities.

24. Defendant Shannon Kelley, L.I.S.W., was a licensed social worker licensed to practice under the laws of the state of Ohio and was employed by and/or was an agent of Clear Vista, Lake Health, Signature Health, and/or John Does 1-10 and was acting within the course and scope of her duties with one or more of these entities.

25. Defendant Ashley Skufca, A.P.N., held herself out as being, and was at all relevant times herein, an employee of Defendants and further held herself out to the public, including Decedent, as a provider of quality, competent, safe, and adequate medical care and treatment.

26. Defendant Ashley Macko, Q.M.H.S., held herself out as being, and was at all relevant times herein, an employee of Defendants and further held herself out to the public, including Decedent, as a provider of quality, competent, safe, and adequate medical care and treatment.

27. Defendants John Doe 1-10 are individuals who may be personally and/or individually responsible for the negligence described herein, and/or are business entities employing, owning, controlling, and/or who may otherwise be vicariously responsible and liable under Ohio law for the actions and conduct of the other defendants herein. The names and addresses of these individuals and/or entities are unknown to Plaintiff despite reasonable efforts by counsel to identify same.

28. The Clear Vista, Lake Health, and Signature Health Defendants are vicariously liable for the conduct of their employees and/or agents, including but not limited to, the individually named Defendants noted above and John Does Nos. 1-10 pursuant to the doctrine of respondeat superior and/or agency by estoppel.

29. Plaintiff has not yet obtained an Affidavit of Merit as contemplated by Ohio Civil Rule 10(D)(2) because of delays caused by the Defendants in delivering medical records.

## VENUE

30. On November 22, 2023, Plaintiff sent 180-day letters to all Defendants named in this Complaint. Pursuant to Ohio Revised Code Section 2305.113(B)(1), this extended the statute of limitation date to March 24, 2023.

## PROCEDURAL BACKGROUND

31. Pursuant to Civil Rule 3(B)(1), this case is properly venued in Lake County because one or more of the Defendants resides within Lake County, Ohio.

## FACTUAL BACKGROUND

32. At the time of her death, Decedent was 59 years old. Decedent had suffered for years from Schizoaffective Disorder and Generalized Anxiety Disorder. Decedent's condition was well known to Defendants.

33. To control and treat her condition, Decedent was prescribed Effexor, Seraqual, Zoloft, and Klonepin.

34. On November 4, 2022, Decedent spoke to a Signature Health therapist, Defendant Shannon Kelley. Decedent expressed suicidal and homicidal urges and expressed a desire for hospitalization.

35. On November 7, 2022, Decedent was admitted to Lake Health West Emergency Department.

36. On November 8, 2022, Decedent was transferred to Clear Vista Hospital.

37. On November 15, 2022, Decedent was released with a directive for NO PRESCRIPTIONS, and a plan to see a physician on November 21, 2022. Decedent tried to pick up her old prescriptions and was told it had been discontinued.

38. From November 15, 2022 through November 21, 2022, Decedent had trouble sleeping.

39. On November 21, 2022, Decedent reported to her physician that she was having trouble sleeping.

40. On November 25, Decedent drove her automobile into a lake and died.

## COUNT I: MEDICAL NEGLIGENCE / SURVIVORSHIP

1. Plaintiff incorporates by reference all the allegations and statements set forth in the preceding paragraphs as if the same were rewritten at length herein.

2. Defendants and their respective employees and/or agents, who were at all times working within the scope and course of their employment and/or agency, negligently, or with malice, recklessly, willfully, and wantonly failed to provide appropriate medical care to Decedent from November 4, 2022 through November 25, 2022.

3. The acts and omissions of the Defendants and/or their employees/agents fell below the appropriate standard of care for a health care provider, physician, physician-assistant, nurse-practitioner, nurse, nursing assistant, and/or surgeon of ordinary skill, care, and diligence, under like or similar conditions or circumstances.

4. By reason of the negligent, intentional, reckless, willful, and/or wanton acts and omissions of these Defendants, and as a direct and proximate result thereof, Angelina died as a result of a psychotic break stemming from Defendants withdrawing her medication.

5. As a result of the negligence as stated above, Decedent suffered significant conscious pain and suffering before her premature death.

## COUNT II: NEGLIGENT AND RECKLESS HIRING, CREDENTIALING, SUPERVISION AND RATIFICATION

6. Plaintiff hereby incorporates each of the statements and allegations set forth in the previous paragraphs as if the same were fully rewritten at length herein.

7. Defendants at all times represented to the general public, particularly to Decedent, as employing capable and competent physicians and nurses to provide adequate care, treatment, and lifesaving methods to patients, including and especially to Decedent at Clear Vista and Lake Health West Medical Center, and negligently failed to do so.

8. These Defendants negligently hired, trained, and/or supervised their employees and agents, including but not limited to all Defendants named above, and/or John Does 1-10, and nurses responsible for providing medical care and treatment to Decedent during her treatment from November 4, 2022, through November 25, 2022

9. These Defendants further failed to exercise reasonable care by granting Defendant physicians privileges to provide medical care to patients at Clear Vista, Lake Health, and Signature Health.

10. The Clear Vista, Signature Health, and Lake Health Defendants have ratified the substandard care provided by named Defendants and John Does. Ratification of the substandard care by the Clear Vista, Signature Health and Lake Health Defendants has endangered the community and will continue to endanger the community, as well as other medical patients who may be exposed to Defendants' reckless and willful misconduct in the future.

### COUNT III: RECKLESSNESS AND CONSCIOUS DISREGARD FOR PATIENT SAFETY

11. Plaintiff incorporates by reference each of the statements and allegations set forth in the previous paragraph as if the same were rewritten at length herein.

12. Defendants, while in the course and scope of their employment with the Clear Vista, Signature Health or Lake Health Defendants, exhibited a conscious, malicious, and/or reckless disregard for the rights and safety of Decedent when they ignored the multiple risk factors, complaints, and symptoms documented in Decedent's medical record.

13. Defendants' delay in providing appropriate medical care demonstrated not only a breach of the standard care, but a conscious disregard for the rights and safety of another person that had a great probability of causing substantial harm (death).

14. Defendants have endangered the community and other Clear Vista and Lake Health patients by ratifying Defendant medical providers, and/or John Doe's conscious, reckless and malicious misconduct and their disregard for the rights and safety of Clear Vista, Signature Health, and/or Lake Health patients.

### COUNT IV: WRONGFUL DEATH AND LOSS OF CONSORTIUM

15. Plaintiff incorporates by reference each of the statements and allegations set forth in the previous paragraphs as if the same were rewritten at length herein.

16. Plaintiff brings this action pursuant to Ohio Revised Code 2125.01 *et seq.* for the benefit of the next of kin and beneficiaries of the Estate of Laurel Nash.

17. As a direct and proximate result of the death of Decedent, Plaintiff and other next of kin, including Rob, have been caused to suffer damages, including but not limited to the loss of society, consortium, companionship, guidance, comfort, counsel, support, and association of Decedent.

18. As a direct and proximate result of the misconduct of Defendants as aforesaid, Decedent suffered severe and fatal personal injuries, conscious pain and suffering, and wrongful death.

19. Further, as a direct and proximate result of the negligent and reckless acts and/or omissions of Defendants, Decedent incurred funeral bills and expenses.

*****

WHEREFORE, Plaintiff Rob Nash, Individually as Administrator of the Estate of Rob Nash, deceased, demands judgment against Defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in compensatory damages and in excess of Twenty-Five Thousand Dollars ($25,000.00) in punitive damages, together with the costs and fees associated with this action and any other relief which this Court deems just and equitable.

Respectfully submitted,

**CHARLES V. LONGO CO., L.P.A.**

*/s/Charles V. Longo*
CHARLES V. LONGO (0029490)
25550 Chagrin Blvd., Suite 320
Beachwood, Ohio 44122
216-514-1919
216-593-0914 (facsimile)
cvlongo@cvlongolaw.com
Attorney for Plaintiff

## JURY DEMAND

A jury composed of the maximum number permitted by law is hereby demanded.

Respectfully submitted,

**CHARLES V. LONGO CO., L.P.A.**

*/s/Charles V. Longo*
CHARLES V. LONGO (0029490)
25550 Chagrin Blvd., Suite 320
Beachwood, Ohio 44122
216-514-1919
216-593-0914 (facsimile)
cvlongo@cvlongolaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The original of the foregoing has been duly served on this _____ day of March, 2024, upon the parties through the Lake County Clerk of Courts e-Filing System.

                                    */s/ Charles V. Longo*
                                    CHARLES V. LONGO (0029490)